UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Eugene Blakely, Jr., | ) | CASE NO. 3:07 CV 2689 |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| v. | ) | MEMORANDUM OPINION AND ORDER |
| Jesse Williams, Warden, | ) | |
| Respondent. | ) | |

This matter comes before the Court on Petitioner Eugene Blakely, Jr.'s Motion to Vacate pursuant to Federal Rule of Civil Procedure 60(d)(3) and to Recall Mandate pursuant to 28 U.S.C. § 1651 (ECF #19) this Court's Decemeber 17, 2008 Opinion and Order (ECF #18) adopting Magistrate Judge White's Report and Recommendation (ECF #17), dismissing his habeas petition and denying a certificate of appeal. For the reasons stated herein, Petitioner's Motion to Vacate and Recall Mandate (ECF #19) is DENIED.

**FACTUAL AND PROCEDURAL HISTORY**

Petitioner was found guilty of murder in violation of Ohio Revised Code § 2903.2(A), together with a specification that he displayed, brandished, indicated possession of or used a

firearm during the commission of the offense in violation of O.R.C. § 2941.145. Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on September 5, 2007 (ECF #1). The Court adopted the Report and Recommendation (ECF #17) of Magistrate Judge Greg White denying this Petition on December 17, 2008 by Memorandum Opinion and Order (ECF #19). Petitioner had not filed any objection to the Magistrate Judge's Report and Recommendation, and Petitioner did not appeal this decision.

Since this time, Petitioner has filed several pro se motions in Ohio state court seeking relief from judgment under a variety of factual and legal theories. In many of these motions, the validity of the subpoena of Camille Crawford Petitioner questioned today has been raised and barred by res judicata. Petitioner's argument for fraudulent testimony regarding witness Camille Crawford's subpoena and unavailability is based on the fact that the trial court docket does not list the fact of a subpoena for Crawford and that the copy of the subpoena acquired by Blakely fails to contain a completed return of service for the subpoena. (ECF #19, ¶ 31-34). He has been unsuccessful in his motions for relief thus far, and now seeks relief under Federal Rule of Civil Procedure 60(d)(3) from this Court's December 17, 2008 judgment (ECF #18) adopting Magistrate Judge White's Report and Recommendation (ECF #17) denying his Petition for Writ of Habeas Corpus and denying a certificate of appeal.

## LAW AND ANALYSIS

Rule 60(d)(3) allows relief by "set[ting] aside judgment for fraud on the court." (Fed. R. Civ. Proc. 60(d)(3)). Courts recognize as fraud upon the court "only that species of fraud which does or attempts to, subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of

adjudging cases that are presented for adjudication." *Demjanjuk v. Petrovsky*, 10 F.3d 338, 352 (6th Cir. 1992). Conduct qualifying as fraud on the court is that which is "(1) on the part of an officer of the court; (2) that is directed to the judicial machinery itself; (3) that is intentionally false, willfully blind to the truth, or is in reckless disregard for the truth; (4) that is a positive averment or a concealment when one is under a duty to disclose; (5) that deceives the court." *Workman v. Bell*, 227 F.3d 331, 336 (6th Cir. 2000).

One seeking to prove fraud on the court has "the burden of proving fraud on the court by clear and convincing evidence." *Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009); *See also Info–Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir.2008), *Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010). In addition, relief from judgments under Rule 60 is "reserved for cases of injustice which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of Res Judicata." *Park W. Galleries, Inc. V. Hochman*, 692 F.3d 539 (6th Cir. 2012) (quoting *United States v, Beggerly*, 524 U.S. 38, 46 (1998).

Petitioner fails to demonstrate with specific facts that Respondent's counsel's conduct was intentionally false, willfully blind to the truth, or in reckless disregard for the truth with regard to the review of his claim involving the state court's adjudication of the unavailability of State witness Camille Crawford and the admission of her prior testimony at retrial in his Motion to Vacate. (ECF #19, ¶ 31-34). Petitioner instead focuses on the local prosecutor and the police detective who testified at the unavailability determination in the state court retrial, allegedly misrepresenting the fact that Crawford was subpoenaed. (ECF #19, ¶ 31-34). Petitioner also focuses on the state court's failure to grant him relief in post-conviction, new trial, or reopened

direct appeal. (ECF #19, ¶ 31-34). Petitioner's emphasis on the conduct of the local prosecutor, police detective, and state court fails to demonstrate that the alleged fraud on the court was (1) by an officer of this Court, (2) even directed at this Court's "judicial machinery." Without establishing the alleged fraud was by an officer of this Court against this Court, Petitioner cannot be granted relief for fraud on this Court.

## CONCLUSION

Because Petitioner has failed to bring clear and convincing evidence of fraud on the court supporting his Motion to Vacate pursuant to Fed. R. Civ. Proc. 60(d)(3) (ECF #19), Petitioner's Motion is DENIED. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: June 25, 2015